UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMCAST OF ILLINOIS X, LLC, f/k/a AT&T BROADBAND, | ) ) ) | Case No. 8:02CV429 |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| TKA ELECTRONICS, INC., THOMAS ABBOUD, individually, CATHY VIGNERI, individually, KIM ABBOUD, individually, RAYMOND VIGNERI, individually, and TERRY ABBOUD, individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on plaintiff's motion to set aside fraudulent transfers, Filing No. 214.  In its motion, plaintiff contends that certain real property owned by defendants Thomas and Kim Abboud was encumbered in violation of this court's order freezing defendant's assets.  Defendant Kim Abboud has objected to the motion, contending that the transfer was not a fraudulent transfer and was not in violation of the order.  This court entered judgments for damages and injunctive relief against defendants for violations of the Cable Communications Act, 47 U.S.C. § 553.  Defendants Thomas Abboud, Cathy Vigneri, and Raymond Vigneri have appealed the judgment.  Plaintiff moves to set aside certain transfers in order to facilitate enforcement of the judgment.  The judgment has not been stayed pending appeal.

I.    BACKGROUND

On September 17, 2002, this court entered a temporary restraining order freezing defendants' assets.  Filing No. 10.  The court later entered a preliminary injunction after a

1

hearing that incorporated the asset freeze.  Filing No. 23.  The asset freeze was later modified lifting the freeze on defendant Cathy Vigneri's bank accounts and one of Thomas and Kim Abboud's bank accounts; the freeze remained in place on other assets.  Filing No. 78 and 79.  Thomas Abboud has earlier been found to be in contempt of court for failing to fully identify his assets and for willfully and unlawfully transferring funds from accounts under his control and subject to the asset freeze.  Filing No. 45.  Kim Abboud was added as a party defendant on February 17, 2004.  Filing No. 113.  The alleged asset transfers at issue occurred in October 2003.

Plaintiff has presented evidence from a title search company and from Westlaw searches of public records showing that defendants Thomas and Kim Abboud mortgaged property located at 5627 South 172nd Street, Omaha, Nebraska 68135 to Tracy J. Abdouch [sic] in the amount of $34,869.00 and to Thomas G. Abdouch [sic] in the amount of $13,325.00 on July 24, 2003.  Filing No. 216, Affidavit of Jeffrey Platt, Ex. A., Title Search Report.  The property was owned by Thomas M. Abboud and Kim M. Abboud, husband and wife.  *Id.*  Plaintiff also submits evidence that purports to show that the individuals to whom the transfers were made are related to defendants Thomas M. and Kim M. Abboud.  *Id.*, Exs. B, C, & D (Westlaw searches showing Kim Abboud resides at a home in Aurora, Colorado owned by Tracy Abboud and that Thomas M. Abboud's and Kim M. Abboud's vehicle registrations show Tracy Abboud's Aurora, Colorado home as their address).

Defendants Thomas and Kim Abboud object to the motion, contending that Kim Abboud was not a party to the lawsuit at the time of the transfers and that she alone, and not Thomas M. Abboud, executed the transfers.  She has submitted a conclusory affidavit

2

stating that the transfers were entirely legitimate.  Filing No. 218, Affidavit of Kim Abboud.

She does not dispute that the transfers were made, and concedes that they were made to

relatives.  *Id.*

## II.   DISCUSSION

A threshold issue is jurisdiction.  Generally, an appeal to the circuit court divests the

district court of jurisdiction as to those issues involved in the appeal.  *Marrese v. American

Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378-79 (1985); *Board of Educ. v.

Missouri*, 936 F.2d 993, 995 (8th Cir. 1991).  However, there are several exceptions to this

rule.  A district court retains jurisdiction over collateral matters, such as attorney's fees and

costs while an appeal is pending. *Peters v. Jax*, 187 F.3d 829, 833 n. 2 (8th Cir. 1999).

A district court may also continue to assert jurisdiction where the court supervises a

continuing course of conduct between the parties.  *In re Grand Jury Subpoenas Duces

Tecum*, 85 F.3d 372, 375 (8th Cir. 1996).  In addition, a district court retains jurisdiction to

the extent necessary to enforce a judgment that has not been stayed.  *Id.*  Moreover,

because sanctions are collateral to the merits of the case, sanctions may properly be

considered by the district court even when the merits are no longer before it.  *Gunacker v.

Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998).  Plaintiff's motion is an attempt to enforce

a judgment that has not been stayed and is thus a collateral matter over which this court

has jurisdiction.

Under Nebraska law, in an action to set aside a fraudulent transfer, the burden of

proof is on a creditor to prove, by clear and convincing evidence that fraud existed in the

questioned transaction*.  Parker v. Parker,* 268 Neb. 187, 195 (Neb. 2004).  Clear and

convincing evidence is that amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved. *Id.*

A sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance. *See also International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827-28 (1994) (noting that whether a contempt is civil or criminal turns on the "character and purpose" of the sanction involved: a contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant," but criminal if the sentence is punitive, to vindicate the authority of the court). A district court is provided broad discretion in fashioning an appropriate remedy for contempt. *See McBride v. Coleman*, 955 F.2d 571, 579 (1992).

The evidence shows that the transfer of property was a violation of the asset freeze. The argument that Kim Abboud was not a party to the litigation at the time of the transfers is of no consequence to this determination. Because Thomas Abboud was a joint owner of the property at the time and was a party to the litigation, the property was subject to the freeze. Plaintiff has also sustained its burden of showing that the transactions at issue are fraudulent transfers under Nebraska law. In her affidavit, Kim Abboud admits that the property was encumbered by the transactions and that the mortgages secured ostensible loans from relatives. Accordingly, the court finds that the subject transactions encumbering property subject to the freeze should be set aside.

IT IS ORDERED:

1.     Plaintiff's motion to set aside fraudulent transfers (Filing No. 214) is hereby

4

granted;

2.    The mortgages identified as document numbers 2003193323 and

2003193325 recorded on the property located at 5627 South 172nd Street,

Omaha, NE 68135 (Permanent Index Number: 6500 0498 17) on October

2, 2003 are hereby set aside and are deemed null and void.

DATED this 14th day of April, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge